UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS, | CASE NO. 1:13-cv-01253-MJS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| AUDREY KING, | (ECF NO. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2013. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.)  His complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    SUMMARY OF COMPLAINT

Plaintiff names Audrey King, Executive Director, Coalinga State Hospital (CSH) and Richard May, a staff psychiatrist at CSH, as the sole Defendants and alleges essentially the following:

On December 6, 2000, the San Francisco District Attorney's office filed a petition under the Sexually Violent Predator Act (SVP) seeking Plaintiff's involuntary civil commitment after the completion of his prison term. Plaintiff's SVP civil trial is still pending, but Defendants nevertheless have confined Plaintiff in violation of his federal rights. (Compl. at 3.) Defendant King is retaliating against Plaintiff for his refusal to participate in hospital treatment programs, and so she refuses to exercise her discretionary authority to release him. (Id. at 5.)

On June 25, 2008, Defendant May attempted to interview Plaintiff for an annual psychiatric evaluation to determine whether he continued to qualify as a sexually violent predator. Plaintiff refused to participate. Defendant May drafted a false report in Plaintiff's absence. (Id. at 6.)

### IV.    ANALYSIS

#### A.    Pleading Requirement

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.    Challenge to Confinement

The crux of Plaintiff's complaint is his very confinement at CSH.  Plaintiff alleges that the Defendants have conspired to deprive him of his liberty.  In such a case Plaintiff's federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A civil rights action under Section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement.  Id. at 498–99.  Civilly committed persons may pursue habeas relief under 28 U.S.C. § 2254 to challenge their involuntary civil commitment.  Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139–40 (9th Cir. 2005), cert. denied, 547 U.S. 1166 (2006) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement.").  Thus, a habeas petition is Plaintiff's sole means of seeking to invalidate his civil commitment in federal court and obtaining release from CSH.

To the extent Plaintiff seeks damages related to completed civil commitment proceedings, his claims are also barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to Section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to Section 1983 claims that imply the invalidity of a plaintiff's civil commitment. Huftile, 410 F.3d at 1140. The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Huftile, 410 F.3d at 1139. Because civilly committed persons have access to habeas relief to obtain release from custody, Heck requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid. Huftile, 410 F.3d at 1140.

The deficiencies identified herein are unlikely to be cured in an amended complaint. Nevertheless, the Court will grant Plaintiff an opportunity to explain how his claims are cognizable in light of the above legal standards. The Court cannot address the fact of Plaintiff's confinement and will abstain from interfering from ongoing state proceedings. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). If Plaintiff desires to challenge the lawfulness of his current custody, the exclusive method to do so in federal court is by filing a petition for writ of habeas corpus. Preiser 411 U.S. at 500.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

(9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order,

5

this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   September 3, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE