UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY KING, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-01253-MJS (PC)<br><br>**ORDER (1) DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM (ECF No. 13), AND (2) DENYING MOTION FOR DECLARATORY JUDGMENT AND COURT ORDER (ECF No. 12)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 8 & 13.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 11.) His first amended complaint (ECF No. 13) is before the Court for screening. Also before the Court is Plaintiff's "Motion for Declaratory Judgment and Court Order Directing Defendants to Show Cause why his Continued Hospital Confinement is not Unconstitutional." (ECF No. 12.) Aside from the caption, the motion is identical to the first amended complaint.

## I. SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names as Defendants: (1) Audrey King, Executive Director of CSH, and (2) CSH.

Plaintiff's allegations may be summarized essentially as follows.

On December 6, 2000, the San Francisco District Attorney filed a petition pursuant to California's Sexually Violent Predator Act ("SVPA") to have Plaintiff civilly detained for an involuntary two year hospital term.[1] Plaintiff has been detained by the California Department of State Hospitals since January 3, 2003.

On April 26, 2013, Plaintiff filed in state court a motion to dismiss the prior commitment petition on speedy trial grounds. The motion was denied. Plaintiff still has not had a commitment trial, and is being held at CSH based solely on the state court's determination of probable cause. It is unclear whether Plaintiff alleges that he <u>never</u> had a civil commitment trial, or only whether he did not have a subsequent trial after his initial two-year commitment term expired.

Plaintiff seeks a declaration that the SVPA is unconstitutional as applied because he has been awaiting a civil commitment trial for twelve years. He further seeks a declaration that his continued detention is unconstitutional.

### IV. ANALYSIS

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005). <u>See</u> 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. <u>Wilkinson</u>, 544 U.S. at 81. A section 1983 action is barred, no matter the

---

[1] Prior to the SVPA's amendment in 2006, a sexually violent predator was committed to the custody of the Department of Mental Health for a two year term, and was not kept in custody in excess of two years unless a new petition to extend the commitment was filed. <u>Bourquez v. Superior Court</u>, 68 Cal. Rptr. 3d 142, 144 (Cal. App. 2007). The law since has been changed to provide for indefinite commitment of sexually violent predators, with periodic review. <u>Id.</u>; Cal. Welf. & Inst. Code § 6604 (2006).

relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying Heck to SVPA detainees with access to habeas relief).

Plaintiff's request for a declaratory judgment seeks to invalidate aspects of the SVPA or its implementation that have resulted in his continued detention beyond the expiration of his initial SVPA commitment order. Thus, his claim directly challenges his continued custody, and may not be brought in a section 1983 action. Wilkinson, 544 U.S. at 78. Until Plaintiff's civil detention has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff is barred from bringing his claims under section 1983. Heck, 512 U.S. at 487.

Plaintiff previously was advised of this deficiency and provided an opportunity to amend his complaint to explain how his claims are cognizable in light of the above restrictions. (ECF No. 11.) He has not so explained. Further leave to amend would be futile and will be denied. Because Plaintiff's motion for declaratory judgment and court order (ECF No. 12) is substantively identical to the first amended complaint (ECF No. 13), it will be denied on the same ground.

**V.    CONCLUSION AND ORDER**

Plaintiff's claims challenge the validity of his confinement and may only be brought in a petition for a writ of habeas corpus. Thus, Plaintiff has failed to state any claims that are cognizable under section 1983. This deficiency is not capable of being cured through amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Plaintiff will not be given further leave to amend.

Based on the foregoing, it is HEREBY ORDERED that:

1. The action is DISMISSED WITH PREJUDICE for failure to state a claim,
2. Plaintiff's motion for declaratory judgment and court order (ECF No. 12) is DENIED, and
3. The Clerk of court shall terminate any and all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   January 27, 2015              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE