UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY KING, et al.,<br><br>Defendants. | CASE NO. 1:13-cv-01253-MJS (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF NO. 22)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF NO. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 4.) No other parties have appeared in this action.

On January 28, 2015, the undersigned screened Plaintiff's first amended complaint (ECF No. 13) and dismissed the action, with prejudice, for failure to state a claim. (ECF No. 14.) Plaintiff appealed. (ECF No. 16.) On November 09, 2017, the Ninth Circuit Court of Appeals vacated the dismissal and remanded on the ground that the undersigned lacked jurisdiction to issue such an order. (ECF Nos. 21, 24.)

The case has been reopened and, in light of the invalidity of the Court's prior

screening order, Plaintiff's first amended complaint is again before the Court for screening. (ECF No. 13.)

## I. Relevant Procedural Background

### A. Remand Due to Lack of Jurisdiction

The Ninth Circuit found that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017); See (ECF Nos. 21, 24.) Accordingly, the Court held that a magistrate judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to magistrate judge jurisdiction if all parties have not consented. Williams, 875 F.3d, at 501. Since the Defendants were not yet served and had not appeared or consented to magistrate judge jurisdiction, the Ninth Circuit vacated this Court's dismissal on the grounds that jurisdiction had not yet vested when the first amended complaint was screened. (Id.) The Ninth Circuit did not reach the merits of the undersigned's screening order.

Accordingly, the previous order dismissing Plaintiff's claims (ECF No. 14) is of no continuing effect and the court must re-screen Plaintiff's complaint.

### B. Companion Habeas Corpus Appeal

Plaintiff filed an additional appeal that was deemed related to the instant appeal and considered at the same time. See Williams v. King, 696 F. App'x 283, 284 (9th Cir. 2017) (Williams II). In that underlying habeas corpus action, brought in the Northern District of California, Plaintiff challenged, as he did here, his continuing detention while awaiting trial as a sexually violent predator. The District Court determined that Petitioner was not entitled to relief on speedy trial grounds, and thus denied the petition on the merits. Williams v. King, No. 4:14-cv-01831-PJH (N.D. Cal. Sept. 8, 2015). On appeal, the Ninth Circuit affirmed the denial of the petition, but on abstention grounds. Williams II, 696 F. App'x at 284 (citing Younger v. Harris, 401 U.S. 37 (1971)).

Under Younger, a federal court must abstain from ruling in a case if four

requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

The Court found that Plaintiff only challenged the first requirement and that since Plaintiff's underlying state case is an ongoing state-initiated proceeding, the Younger abstention doctrine applied. Williams II, 696 F. App'x at 284.

## II.  Previous Screening Order

This Court's previous screening order (ECF No. 14) was premised in part on a lack of clarity in Plaintiff's pleading regarding the status of his state court proceedings. From the pleadings it was unclear whether Plaintiff alleged he had never been subject to commitment proceedings or that he had not been re-tried after an initial commitment term expired. (ECF No. 14 at 3.) Based on the understanding that Plaintiff had undergone some type of adjudicatory process, the Court determined that Plaintiff's claim had to be dismissed as barred by the Heck rule. (Id. at 3-4.) See Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying Heck to California's Sexually Violent Predator Act ("SVPA") detainees with access to habeas relief).

However, Plaintiff's allegations were clarified on appeal, and it is apparent from the Ninth Circuit proceedings that Plaintiff's state court commitment proceedings under the SVPA have not reached a final judgment and are still ongoing. See Williams II, 696 F. App'x at 284. This implicates the factual basis of the previous screening order, as Heck generally applies only when there exists "a conviction or sentence that has not been . . . invalidated." Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

3

Therefore, based on the Court's understanding that the state court proceedings are ongoing, this Court will re-visit the screening order.

### III. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to

4

1 have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**V.     Plaintiff's Allegations in First Amended Complaint**

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names as Defendants: (1) Audrey King, Executive Director of CSH, and (2) CSH.

Plaintiff's allegations may be summarized essentially as follows.

On December 6, 2000, the San Francisco District Attorney filed a petition pursuant to SVPA to have Plaintiff civilly detained for an involuntary two year hospital term.[1] Plaintiff has been detained by the California Department of State Hospitals since January 3, 2003.

On April 26, 2013, Plaintiff filed in state court a motion to dismiss the prior commitment petition on speedy trial grounds. The motion was denied. Plaintiff still has not had a commitment trial, and is being held at CSH based solely on the state court's determination of probable cause.

Plaintiff seeks a declaration that the SVPA is unconstitutional as applied because he has been awaiting a civil commitment trial for twelve years. He further seeks a declaration that his continued detention is unconstitutional.

**VI.    Analysis**

**A.     Younger Abstention**

This Court must abstain from intervention in ongoing state proceedings.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell,

---

[1] Prior to the SVPA's amendment in 2006, a sexually violent predator was committed to the custody of the Department of Mental Health for a two year term, and was not kept in custody in excess of two years unless a new petition to extend the commitment was filed. Bourquez v. Superior Court, 68 Cal. Rptr. 3d 142, 144 (Cal. App. 2007). The law has since been changed to provide for indefinite commitment of sexually violent predators, with periodic review. Id.; Cal. Welf. & Inst. Code § 6604 (2006).

5

401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings"); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

Younger abstention "applies to civil proceedings . . . in which important state interests are involved." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (citations omitted). In particular, Younger abstention applies to proceedings under California's Sexually Violent Predator Act. See, e.g., Rhoden v. Mayberg, 361 Fed. App'x 895, 896 (9th Cir. 2010); Delray v. Baca, 2010 WL 3789516, at *1-3 (C.D. Cal. Aug. 17, 2010), Report and Recommendation adopted, 2010 WL 3783336 (C.D. Cal. Sept. 27, 2010); Clemons v. Kramer, 2008 WL 3833416, at *3–5 (C.D. Cal. Aug. 15, 2008); Woodard v. Plummer, 2002 WL 1457871, at *1 (N.D. Cal. July 2, 2002).

Here, the Ninth Circuit, in the companion appeal to this case, notes that "although many years have passed since the SVPA petition was first filed, the case is still ongoing." Williams II, 696 F. App'x at 284.

The ongoing state proceedings determining the validity of Plaintiff's civil commitment are important state interests. See Rhoden v. Mayberg, 361 Fed. App'x at 896. Additionally, the proceedings afford Plaintiff the ability to raise constitutional issues. See Williams II, 696 F. App'x at 284 (noting that Plaintiff has raised numerous challenges regarding his detainment and the course of the state proceedings).

1    Accordingly, the Court must abstain from interfering with Plaintiff's ongoing state
2 proceeding. Further amendment appears to be futile as this defect cannot be cured.

**VII.    Motion for Appointment of Counsel**

Plaintiff has filed a motion requesting the appointment of legal counsel. (ECF No. 22.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, even though the issues are complex, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Accordingly this motion will be DENIED.

**VIII.    Conclusion, Order, and Recommendation**

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) However, no defendants have appeared or consented. Accordingly, the Clerk's Office is HEREBY

1 DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule
2 120(e).

3 It is HEREBY ORDERED that Plaintiff's motion (ECF No. 22) for appointment of
4 counsel is DENIED.

5 Additionally, Plaintiff's first amended complaint fails to state a cognizable claim.
6 Plaintiff's claims are barred under Younger. The Court will not interfere in any ongoing
7 state court proceedings.

8 Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED
9 without leave to amend.

10 These findings and recommendation will be submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
12 Within fourteen (14) days after being served with the findings and recommendation, the
13 parties may file written objections with the Court. The document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendation." A party may respond
15 to another party's objections by filing a response within fourteen (14) days after being
16 served with a copy of that party's objections. The parties are advised that failure to file
17 objections within the specified time may result in the waiver of rights on appeal.
18 Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923
19 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 17, 2018      /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

8